STATE of Missouri,
Plaintiff-Respondent,

v.

Sherri STIFF, Defendant-Appellant.

No. 50424.

Missouri Court of Appeals,
Eastern District,
Division One.

June 17, 1986.

defined "deviate sexual intercourse" under Chapter 566 RSMo. 1978 rather than Chapter 567, the chapter under which appellant was charged. Appellant's allegation of error has merit. The jury could have been misled by the erroneous instruction and the judgment must be reversed.

The Jefferson County, Missouri prosecutor's office employed Mr. Donald Jones as an undercover investigator to investigate massage parlors in Jefferson County at one of which the activities in question here occurred.

Mr. Jones testified for the prosecution and appellant testified in her own defense. They agreed that Mr. Jones paid $75 for a one hour massage and on some of the details of the massage, including the fact that appellant took Mr. Jones' penis in her hand and examined his sexual organs for thirty seconds for, as appellant said, "any sort of rashes, unappealing things".

There was a direct conflict, however, between the testimony of Mr. Jones and appellant concerning the occurrence of sexual activity.

Mr. Jones testified that appellant had an act of oral sex with him and that, in addition, they had an act of sexual intercourse. Appellant, on the other hand, said that she only gave him a massage and she denied having either oral or coital sex with Mr. Jones.

There was no mention of sex or sex for money during the conversations between Mr. Jones and appellant or the other woman who spoke to Mr. Jones at the massage parlor.

Appellant was charged by indictment of violating § 567.020 RSMo. 1978, which proscribes the class B misdemeanor of prostitution. The jury was given the following verdict directing instruction:

### INSTRUCTION NO. 5

If you find and believe from the evidence beyond a reasonable doubt that on November 26, 1983 in the County of Jefferson, State of Missouri, the defendant engaged in deviate sexual intercourse

Murray Stone, St. Louis, for defendant-appellant.

Dennis J. Kehm, Sheila A. Drucker, Hillsboro, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a judgment on a jury verdict finding appellant guilty of prostitution in violation of § 567.020 RSMo. 1978. Appellant was sentenced to six months in the county jail and ordered to pay a $500.00 fine.

In appellant's only point on appeal she accuses the trial court of error in submitting Instruction No. 6 to the jury because it

with Don Jones in return for money to be received by defendant, then you will find the defendant guilty of prostitution.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of prostitution, you are to assess and declare one of the following punishments:

1. Imprisonment in the county jail for a term fixed by you, but not to exceed six months,

2. Imprisonment in the county jail for a term fixed by you, but not to exceed six months and in addition a fine, the amount to be determined by the court,

3. No imprisonment but a fine, in an amount to be determined by the court.

The maximum fine which the court may impose is $500.00.

The instruction included the term "deviate sexual intercourse" which, according to MAI Cr.2d 21.02, must be defined. The term was defined in instruction number 6 as follows:

### INSTRUCTION NO. 6

The following term used in these instructions is defined as follows: Deviate sexual intercourse.

Means any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person.

This definition was taken from MAI Cr.2d 33.01, the definition used in conjunction with Chapter 566 RSMo. 1978 relating to sexual offenses rather than prostitution.

The proper definition of "deviate sexual intercourse" for a charge of prostitution, as the state admits, is found at § 567.-010(4)(b) RSMo. 1978 which states:

"Deviate sexual intercourse" which means any sexual act involving the genitals of one person and the mouth, tongue or anus of another person."

This definition does not include the word "hand" as does the instruction relating to

sexual offenses under Chapter 566, the instruction given.

Appellant alleges the giving of the instruction defining "deviate sexual intercourse", which included the word "hand", was prejudicial error because the jury could have found her guilty of prostitution based on her admission that she examined Mr. Jones' sexual genitalia with her hand. The error in such a finding is that the word "hand" is not included in the Chapter 567 prostitution definition of "deviate sexual intercourse".

The distinction between the two definitions cannot be ignored. In *State v. Burgess*, 669 S.W.2d 637, 640 (Mo.App.1984) this court pointed out the difference between the definitions of "sexual contact" in Chapters 566 and 567. In Chapter 566 the definition includes "touching through the clothing". The definition in Chapter 567 omits the quoted phrase. Because of the difference between the definitions this court held that § 567.020 was not violated by a touching of clothing covering the genitals.

The same reasoning applies here. The legislature obviously intended that "deviate sexual intercourse" should include a touching by the hand in § 566.010.1(2) relating to sexual offenses, but not in § 567.010(4)(b) relating to prostitution.

The giving or failure to give an instruction in violation of MAI—Cr.2d or any applicable note on use constitutes error, its prejudicial effect to be judicially determined. Rule 28.02(e); *State v. Williams*, 611 S.W.2d 26, 29 (Mo. banc 1981). Giving Instruction No. 6 with the wrong definition of "deviate sexual intercourse" was error.

As the state points out in its brief, reversible error occurs where a jury "may have been adversely influenced by an erroneous instruction or by the lack of an instruction required by statute." *State v. Rodgers*, 641 S.W.2d 83, 85 (Mo. banc 1982), *quoting State v. Aitkens*, 352 Mo. 746, 762, 179 S.W.2d 84, 94 (1944).

The jury may well have had doubts concerning the prostitution charge against ap-

pellant as the only evidence of sexual conduct against her aside from her manual examination of Mr. Jones' genitals, was in the account given by the undercover investigator, Mr. Jones, parts of which were in direct conflict with appellant's testimony.

The state maintains that the instructional error was not prejudicial, pointing out that both the prosecutor and defense counsel emphasized only the alleged oral and coital sex acts in closing argument, and that neither counsel attempted to exploit the erroneous definition.

The unique facts of the case, however, make it clear that the erroneous inclusion of the word "hand" in the definition of deviate sexual intercourse may have misled the jury by allowing them to find appellant guilty solely on the basis of her manual examination of Mr. Jones' genitals, an act not included in the definition of deviate sexual intercourse in the statute making prostitution unlawful under which appellant was charged. The error was prejudicial.

The judgment is reversed and the cause remanded.

CARL R. GAERTNER, P.J., and SMITH, J., concur.